# RECEIVED

## DEC - 9 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Francois | Civil Action No. 08-0632 |
| versus | Judge Tucker L. Melançon |
| Acadiana Security Plus, Inc., et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court are defendants Acadiana Security Plus, Inc. and Jamie Doe's Motion for Summary Judgment [Rec. Doc. 7], plaintiff's opposition thereto [Rec. Doc. 13] and defendants' reply [Rec. Doc. 17]. For the following reasons, the Court will grant defendants' motion.

### I. Background

Plaintiff, Karen Francois, was a part-time employee of Acadiana Security Plus, Inc. ("Acadiana Security") from about September 9, 1999 until March of 2006. On January 13, 2006 plaintiff filed suit in the Fifteenth Judicial District Court, State of Louisiana ("State Court suit") against Acadiana Security and "Jamie Doe" alleging racial discrimination and/or harassment, as well as intentional infliction of emotional distress and/or negligent infliction of emotional distress. Plaintiff's allegations included that on January 16, 2005 she found "three pages of racial jokes on her desk which were put on her desk by Jamie Doe." Plaintiff further alleged that she had been forced to resign from Acadiana Security.[1] The state court granted summary judgment in favor of Acadiana Security and dismissed the case on April 15, 2007. The judgment was affirmed on appeal, by decision dated February 13, 2008 and reported at 976 So.2d 809. *R. 7, Exh. 2.*

---

[1] At the time she filed the State Court suit, plaintiff was still employed at Acadiana Security.

On October 12, 2006, plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination alleging racial discrimination and retaliation arising from the same facts as the State Court suit. Plaintiff received a *Notice of Right to Sue* letter from the EEOC dated February 6, 2008 advising that its investigation of the matter was closed and of Plaintiff's right to sue.[2] *Id., Exh. 3.* Plaintiff filed the present action in this Court on May 9, 2008 based on the same events which were at issue in the state court proceeding. In her Complaint, plaintiff alleges racial discrimination and/or harassment and retaliation under Title VII of the 1964 Civil Rights Act. Acadiana Security contends in its motion for summary judgment that plaintiff's action should be dismissed under the doctrine of res judicata, or alternatively, as prescribed.

## II. Standard

Summary judgment is appropriate only when the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must

---

[2] The *Notice of Right to Sue* letter states that it was "Issued on Request."

be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

---

3    Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

*III. Discussion*

Acadiana Security contends that because all of plaintiff's causes of action in this action, including the retaliation claim, arose out of the same transaction or occurrence existing at the time the state court issued its final judgment in plaintiff's state court suit, res judicata applies to all of plaintiff's claims. Acadiana Security also argues that plaintiff's claims of discrimination and her claim of retaliation have prescribed. Plaintiff concedes in her response to the motion that her cause of action for discrimination has prescribed. *R. 13.* She argues, however, that her retaliation claim under Title VII was timely filed and remains viable. *Id.*

A state court judgment commands the same res judicata effect from the federal court as it would have in the court that rendered it, regardless of whether the state court applied state or federal law. 28 U.S.C. § 1738. *Sider v. Valley Line,* 857 F.2d 1043, 1046 (5th Cir.,1988). In Louisiana, the issue of res judicata is governed by La.Rev.Stat. § 13:4231 which provides the following definition to the doctrine of res judicata:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> . . . .
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

Comment (e) to the 1990 revision of R.S. 13:4231 states:

> (e) **Causes of action existing at the time of the final judgment**. This clause is important in determining the scope of res judicata and accords with the basic principle underlying the doctrine of res judicata that a plaintiff must assert all of his rights and claim all of his remedies arising out of the transaction or occurrence. Claims that arise or which he becomes aware of before trial, may be asserted through an amended or supplemental petition, and these claims will relate back to the time of the original filing if they arise

*4*

out of the transaction or occurrence set forth in the original petition. Code of Civil Procedure Articles 1153, 1155. Alternatively, he may seek a reservation in the judgment of the right to bring another action. See R.S. 13:4232. A cause of action which arose after the rendition of the final judgment could not have been asserted earlier and would not be precluded by the judgment.

In *Burguieres v. Pollingue,* 843 So.2d 1049, 1053 (La.,2003), the Louisiana Supreme Court set out the elements of res judicata under the 1990 revisions to La. R.S. 13:4231: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Thus, "[w]here a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a 'special relationship' between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief—the courts have denied the plaintiff a second bite at the apple." *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279, 1288 (5th Cir. 1989).

Plaintiff does not dispute that the judgment in the State Court proceeding was a valid and final judgment between the same parties, or that the two cases involved the same transaction or occurrence. Rather, plaintiff asserts that she could not raise her Title VII claims because she did not obtain her Right to Sue Letter until February 11, 2008, after the state court dismissed her suit. In support of her position, plaintiff contends that because Louisiana law does not provide for an independent claim of retaliation as Title VII does, she could not assert that claim until she received her Right to Sue Letter.

In *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 316 (5ᵗʰ Cir.,2004), the Fifth

Circuit rejected plaintiff's position that her federal claims remain viable because she had not

received her Notice of Right to Sue letter from the EEOC during the pendency of the state

court action. In Davis, the plaintiff filed a charge of discrimination with the EEOC and also

filed suit in state court alleging racial discrimination and retaliation under Title VII and

violation of their constitutional rights under 42 U.S.C. ¶ 1983. The case was removed to

Federal court where it was dismissed in February of 2002 (*Davis I*). The plaintiffs received

their Notice of Right to Sue letter from the EEOC in April of 2002. A second suit, (*Davis

II*) was filed alleging race discrimination, retaliation and hostile work environment in

violation of Title VII and 42 U.S.C. § 1981(a). The court applied the "transactional test"

that "prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to

all or any part of the transaction, or series of connected transactions, out of which the

[original] action arose.'" *Id.* at 313 (citations omitted). In upholding the district court's

conclusion that the second suit was barred by res judicata, the Fifth Circuit held,

> "[A] plaintiff who brings a Title VII action and files administrative claims
> with the EEOC must still comply 'with general rules governing federal
> litigation respecting other potentially viable claims.' Because the barred
> claims arose from the same nucleus of operative fact as the claims in *Davis
> I* and they predate that action, Appellants were on notice to include those
> claims in *Davis I.* To prevent their claims from being precluded, Appellants
> could have requested a stay in *Davis I* until they received their letters."
> (citations omitted).

The record in this case indicates that plaintiff resigned on or about March 25 or 26,

2006, after her employer allegedly demanded that she drop her lawsuit. *R. 13, Exh. B.* Thus,

plaintiff's retaliation claim arose approximately two months after the State Court suit was

filed on January 13, 2006, and over one year after the suit was dismissed on April 15, 2007.

While Title VII requires exhaustion of administrative remedies before a federal claim may

be brought,[4] *Davis* is clear that because of res judicata concerns, plaintiff should have requested a stay in her state court suit pending the conclusion of the administrative proceedings on her Title VII claims. *Id.* As plaintiff's Title VII claims are barred by res judicata, the Court need not consider whether or not plaintiff's retaliation claim was barred for failure to timely file a Charge of Discrimination with the EEOC.

## IV. Conclusion

Based on the foregoing, the Court finds as a matter of law that plaintiff's claims against Acadiana Security in this action are barred by res judicata. Accordingly, the Court will grant Acadiana Security's motion for summary judgment and dismiss plaintiff's suit with prejudice.

---

[4] In Title VII, Congress set up an elaborate administrative procedure, implemented through the EEOC, that is designed to assist in the investigation of claims of racial discrimination in the workplace and to work toward the resolution of these claims through conciliation rather than litigation. *Patterson v. McLean Credit Union*, 491 U.S. 164, 180 (1988); *See* 42 U.S.C. §2000e-5(b). Only after these procedures have been exhausted, and the plaintiff has obtained a "right to sue" letter from the EEOC, may he or she bring a Title VII action in court. *Patterson*, 491 U.S. at 180; *See* 42 U.S.C. §2000e-5(f)(1).